**Bonjemaa HAJJI, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–73500.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Feb. 25, 2008.

Amos Lawrence, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Peter D. Keisler, Esq., Earle B. Wilson, Esq., Margot L. Nadel, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, BYBEE, Circuit Judges, and WU \*\*, District Judge.

MEMORANDUM \*\*\*

Petitioner Bonjemaa Hajji, a Moroccan native and citizen, petitions for review

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

from the denial of his applications for asylum and withholding of removal. The facts and procedural posture of the case are known to the parties, and we do not repeat them here.

The BIA's decision that an alien has not established eligibility for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole". *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). We must uphold the BIA's denial unless Petitioner demonstrates that the evidence he presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias–Zacarias*, 502 U.S. at 483–84, 112 S.Ct. 812.

To prevail on an asylum claim, an applicant must demonstrate either past persecution or a well-founded fear of persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." *Gu*, 454 F.3d at 1019. Hajji does not claim that he has suffered past persecution. Thus, to prevail, Hajji must establish both a subjectively genuine, and objectively reasonable, well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003). Absent past persecution, the objective component can only be satisfied by " 'adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution.' " *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir.2000) (internal quotation marks omitted).

Hajji has not presented sufficient evidence that the Moroccan police were interested in him based on a protected ground to compel the conclusion that "no reasonable factfinder could fail to find the requisite fear of persecution." Although Hajji testified that police came to his house looking for him and indicated that it was important for him to come to the police station, this alone does not compel a finding of a well-founded fear of persecution. *See Gu*, 454 F.3d at 1022; *see also Al–Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir.2001) (brief detention did not compel finding of well-founded fear of future persecution); *Khourassany v. INS*, 208 F.3d 1096, 1100–01 (9th Cir.2000). Although Petitioner may have more than a "10 percent chance" that he will be *contacted* again by Moroccan police, he has not established that he will be *persecuted* by the police based on one of the protected grounds. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). There is no evidence that the police knew Hajji had participated in the Casablanca demonstration, much less that the police came to his house to arrest or otherwise mistreat him based upon his participation in the demonstration four months earlier. Nor is there evidence that the police were arresting or persecuting the other "thousands" or "millions" who participated in the demonstrations along with Hajji. The IJ and the BIA were not compelled to find that Hajji had a well-founded fear of persecution based on this evidence. *Cf. Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir.2007) ("The problem with this argument is that the threats she has received since coming to the United States, at best, 'support the inference— they do not compel it.' ") (internal quotations and alterations omitted).

Under this analysis, Petitioner similarly cannot satisfy the standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

The petition for review is therefore **DENIED.**